WILLIAM M. SHERRERD, Appellant, *vs.* CYNTHIA A. FRAZER, *et als.*, Respondents.

### APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

Where the original papers are used upon a motion relating to the record in a cause, the Court may take judicial notice of the Clerk's signature to the file marks, although they may be from another District. But the records should never be allowed to leave the clerk's office for any purpose without an order from the Court. Exemplifications of the records, and also ;sworn copies properly examined and compared, and the affidavits of parties familiar with the facts upon which the questions arise, are always competent evidence in such motions.

The District Court has not power to compel a party to enter a judgment in an action, or to do any other affirmative act in the progress of a cause, which relates merely to the conduct of the same. Where the duty is clear and the other party is interested in its performance, the Court may always command it to be done under the penalty of being turned cut of Court, if it is the Plaintiff, and of allowing the Plaintiff to proceed to judgment, if it is the Defendant who disobeys. If a Defendant obtains a verdict or other decision in a cause which requires to be perfected in judgment before an appeal or writ of error can be taken, and refuses to pursue it farther, the Plaintiff, if he desires a review, may obtain an order that the Defendant perfect it, or that it be vacated and his defence stricken out, or the Court may impose any similar appropriate and effective penalty to compel obedience. *The Syllabus in Deuel vs, Hawke, 2 Minn. R.,* 50, *corrected.*

Points and Authorities of Appellant.

I.—The District Court has no power to compel a party to proceed and enter a judgment. 2 *Minn. Rep., Deuel vs. Hawke, p.* 50.

II.—The District Court has no power to allow an adverse party to cause the entry of judgment to be made by the Clerk of the Court. *See same case in the opinion of Flandrau, J.*

III.—The District Court has no power to order a judgment to be entered forthwith, thereby depriving the party of his costs.

Points and Authorities of Respondents.

I.—The Appellant having long delayed to make a record of his judgment, and having refused to proceed, the order was properly granted to enable a review. 3 *Minn. R.,* 207; *Bank*

*of Geneva vs. Hotchkiss,* 1 *Code R. N. S.,* 113; 9 *Pr. R.;* 86; 5 *ib.,* 478; *Sentenhon vs. May, N. Y.* 1 *Code R. N. S.,* 111.

L. M. & J. H. BROWN, Counsel for Appellant.

HENRY HINDS, Counsel for Respondents.

*By the Court*—FLANDRAU, J.—The Plaintiff brought an action of ejectment against the Defendants to recover the possession of certain real estate in Shakopee, county of Scott. Pending the action, an injunction was issued on motion of the Plaintiffs. The Defendant, Overton, answered separately, raising an issue of fact, and the other Defendants demurred to the complaint. The issue of fact was tried, and the Plaintiff had a general verdict in his favor, except on the question of damages, which the Plaintiff had waived. The issue of law was also tried and judgment given for the Plaintiff on the demurrer, with leave for the Defendants to answer, which they did not avail themselves of within the time allowed. The Plaintiff has never perfected judgment, either upon the verdict or the decision on the demurrer, but refuses to do so.

Upon this state of facts the Defendants move the Court for an order compelling the Plaintiff to perfect his judgment of record. Objection was made to the papers offered in support of the motion. Whether the papers were the original records, or certified or sworn copies, does not clearly appear. If they were the originals the Court might take judicial notice of the clerk's signature to the file marks, although from another district. But without an order from the Court permitting the records to be taken from the files for special reasons, they should never be allowed by the clerk to leave the office for any purpose. If they were exemplifications of the records they were receivable. 2 *Cow. and Hill's Notes to Phil. Ev.,* 278, 281. And they were also admissible if they were sworn copies properly examined and compared. *Id.* 287, 340, 451. The Judge, however, held that they were not necessary, as the affidavit of the Defendant's attorney contained a full history of the case, sufficient to put him in possession of all the facts that were material to a decision of the motion. In this

he was right. On such motions the Court only needs to be advised of the facts upon which the questions arise, and affidavits of parties familiar with them are always competent evidence.

The facts above detailed not being disputed, the Court made an order that the Plaintiff proceed forthwith to perfect his judgment of record upon the verdict, or upon the demurrer, and that in default, the Defendant have leave to cause the same to be entered by the clerk. The Plaintiff did not obey the order, and the judgment was entered by the clerk. From this order an appeal is taken.

We are cited to the case of *Deuel vs. Hawke*, 2 *Minn. R.* 50, by the Appellant, for authority that the Court had not the power to make such an order ; and to *Furlong v. Griffin & Fullerton*, 3 *Minn., R.*, 207, for authority to sustain the order, by the Respondent. In the first case an order was made by the Court compelling the Plaintiff to enter a judgment different from the one he was entitled to, which he did, and took an appeal from the order. We reversed the order, holding in the opinion delivered by Justice Atwater, that a Plaintiff could not be " compelled to proceed in an action and enter judgment ; but if he neglects to prosecute unreasonably, the Defendant may have an order of dismissal, under *Subdn.* 2 *of sec.* 170 *Comp Stats., p.* 554, or in certain cases under *sec.* 10, *p.* 558, *Comp. Stats.*" In the opinion delivered in that case by myself, this language is used : " The proper order for the Court to have made on being apprised of the fact, was, that the Plaintiff proceed at once and perfect his judgment, or his action should be dismissed." The reporter goes too far in giving the effect of my opinion.

It will be seen that this case goes no farther than to hold that the Plaintiff may be turned out of Court if he will not prosecute with reasonable dispatch.

The next case in the 3d volume involved the question only of the period when the time within which a writ of error could be taken, began to run. We held that it commenced at the decision of the Court, and not at the time such decision was perfected of record. In commenting upon the case, we say in the opinion, " We do not see that this view can oper-

ate to deprive the defeated party of his right to the writ, as it has been suggested that the successful party may delay the entry of his judgment until after the expiration of the year next ensuing its rendition. Any party desiring a review of the decision by this process, may compel the successful party to perfect his judgment of record within a reasonable time after its rendition, by application to the · Court for that purpose."

This case is in strict conformity with *Deuel vs. Hawke*, and founded upon it. We did not say that if the Plaintiff refused to obey, his action might be dismissed as a penalty, for want of prosecution; the practice in this respect had been settled in the previous case. It was a mere suggestion thrown out in a case where the point was not involved.

We do not think the Court has the power to compel a party to enter a judgment in an action, or to do any other affirmative act in the progress of a cause which relates merely to the conduct of the same. Where the duty is clear, and the other party is interested in its performance, the Court may always command it to be done under the penalty of being turned out of Court, if it is the Plaintiff, and of allowing the Plaintiff to proceed to judgment, if it is the Defendant who disobeys. If a Defendant obtains a verdict or other decision in a cause which requires to be perfected in judgment before an appeal or writ of error can be taken, and refuses to pursue it farther, the Plaintiff, if he desires a review, may obtain an order that the Defendant perfect it, or that it be vacated and his defence be stricken out, or the Court may impose any similar appropriate and effective penalty to compel obedience. The Courts, through such means, possess sufficient coercive powers to prevent disorders from occurring in practice to the prejudice of suitors, and will never hesitate to exercise them in cases of contumacy.

The order in this case is unauthorised, and must be reversed.